FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2018 FEB 26  PM 3: 30

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

CBRE, INC., a Delaware Corporation,

    Plaintiff,

v.

KOSTAS STOILAS, an individual,

    Defendant.

Case No. 8:18cv 462 T 17 JSS

## COMPLAINT FOR DAMAGES

Plaintiff, CBRE, INC., a Delaware Corporation ("**CBRE**"), sues Defendant, KOSTAS STOILAS ("**Stoilas**"), and alleges:

### PARTIES, JURISDICTION, AND VENUE

1. CBRE is a commercial real estate services and investment firm incorporated in the state of Delaware, with its principal place of business located in Los Angeles, California, and is authorized to transact business in Florida.

2. Stoilas is an individual citizen of the State of Florida, residing in Hillsborough County, Florida.

3. The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties to this action are diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this district under 28 U.S.C. § 1391 because Stoilas resides in Hillsborough County, Florida, and the actions that form the basis for this case occurred in Hillsborough County, Florida.



QB\50760712.1

## GENERAL ALLEGATIONS

5.  On or about November 4, 2013, CBRE entered into a Broker-Salesperson Contract with Stoilas whereby CBRE agreed to employ Stoilas as a real estate salesperson (the "**BSC**").

6.  Also on or about November 4, 2013, in conjunction with the execution of the BSC, CBRE and Stoilas executed an Indemnity Agreement (the "**IA**") and the First Addendum to Broker-Salesperson Contract (the "**Addendum**"). The Addendum supplements and amends the BSC and supersedes any inconsistent provisions contained within the BSC, IA, and CBRE's General Rules & Policies. The BSC, IA, and Addendum shall collectively be referred to as the "**Employment Agreement.**" A true and correct copy of the Employment Agreement is attached hereto as **Exhibit "A."**

7.  The Employment Agreement became effective, and Stoilas began his employment with CBRE, on December 2, 2013 (the "**Effective Date**").

8.  The term of the Employment Agreement was seven (7) years from the Effective Date, or December 2, 2020 (the "**Term**").

9.  Pursuant to the Employment Agreement, specifically paragraph 18 of the BSC and paragraph 31 of the Addendum, CBRE and Stoilas jointly agreed to submit all disputes or claims between the parties related to Stoilas' employment, or the termination of his employment, to confidential binding arbitration.

10. Also pursuant to the Employment Agreement, specifically paragraph 23 of the Addendum, CBRE agreed to pay Stoilas a sign on bonus in the total sum of $140,000.00, subject to the terms and conditions provided for in paragraphs 23.2 through 23.7 of the Addendum (the "**Bonus**").

11. Paragraphs 23.5 and 23.5(a) of the Addendum state if Stoilas' employment with CBRE is terminated on a date prior to the end of the Term (the **"Date of Termination"**), voluntarily by Stoilas other than for "Good "Reason" (as defined by paragraph 23.7 of the Addendum), Stoilas promises to repay CBRE, within ninety (90) days of the Date of Termination, the full amount of the Bonus, if the Date of Termination is prior to the third (3rd) anniversary of the Effective Date.

12. Therefore, pursuant to the Employment Agreement, if Stoilas voluntarily terminated his employment with CBRE prior to December 2, 2016, other than for "Good Reason," Stoilas promised to re-pay CBRE the full amount of the Bonus within ninety (90) days of his Date of Termination.

13. Following the Effective Date, CBRE paid Stoilas the Bonus pursuant to the terms set forth in the Employment Agreement.

14. On or about August 30, 2016, CBRE and Stoilas executed the Termination Memorandum (the **"Termination Memorandum"**), which terminated Stoilas' employment with CBRE, other than for "Good Reason" as that term is defined in the Addendum, effective August 8, 2016, the Date of Termination. A true and correct copy of the Termination Memorandum is attached hereto as **Exhibit "B."**

15. Therefore, Stoilas was obligated to re-pay CBRE the full amount of the Bonus, $140,000.00, within ninety (90) days of the Date of Termination, or on or before November 4, 2016.

16. Following the Date of Termination, CBRE made numerous requests for re-payment of the Bonus to Stoilas, but Stoilas has refused to repay CBRE pursuant to the Employment Agreement to date.

17. On January 18, 2018, CBRE filed a Demand for Arbitration and Statement of Arbitration Claim with the American Arbitration Association (the "AAA"), and formally served a copy of both documents on Stoilas on January 22, 2018.

18. On January 19, 2018, the AAA sent correspondence to CBRE stating that because the arbitration provisions included in the Employment Agreement do not reference the AAA as the chosen administering agency, or that the AAA's rules shall apply, the parties were required to return a signed copy of that correspondence, expressly agreeing to submit their dispute to arbitration administered by the AAA, on or before January 31, 2018 (the "**AAA Correspondence**").

19. On January 23, 2018, CBRE's counsel signed and returned the AAA Correspondence to the AAA. A true and correct copy of the AAA Correspondence executed by CBRE's counsel is attached hereto as **Exhibit "C."**

20. On January 31, 2018, the AAA sent correspondence to the parties indicating that because Stoilas had not authorized the AAA to administer the dispute between the parties the AAA had administratively closed its file, without prejudice (the "**AAA Termination Notice**"). A true and correspond copy of the AAA Termination Notice is attached hereto as **Exhibit "D."**

21. On February 2, CBRE had a copy of the AAA correspondence formally served on Stoilas.

22. Stoilas, through counsel, has refused to agree to arbitrate this dispute.

23. Due to Stoilas' refusal to comply with the arbitration provisions in the Employment Agreement, CBRE now seeks to enforce its rights thereunder in this Court.

24. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

QB\50760712.1

## COUNT I
## BREACH OF CONTRACT

25. CBRE re-alleges the allegations set forth in paragraphs 1 through 24 above, as though fully set forth herein.

26. CBRE and Stoilas jointly executed the valid written Employment Agreement.

27. CBRE performed, or substantially performed, under the Employment Agreement by employing Stoilas, paying him the Bonus, and otherwise complying with the terms of the Employment Agreement.

28. Stoilas breached the Employment Agreement by failing to deliver or otherwise effectuate the required payment of $140,000.00 to CBRE on or before November 4, 2016.

29. CBRE has suffered harm and damages as a result of Stoilas' failure to perform pursuant to the Employment Agreement.

WHEREFORE, CBRE respectfully requests this Court enter judgment in its favor and against Stoilas, award CBRE the damages it has sustained by reason of Stoilas' breach of the Employment Agreement, including costs and prejudgment interest, and provide such other and further relief as is deemed just and appropriate.

Dated this 26th day of February, 2018.

Respectfully submitted,

/s/ Sara D. Dunn
Sara D. Dunn
Florida Bar No. 106923
QUARLES & BRADY LLP
101 East Kennedy Boulevard, Suite 3400
Tampa, Florida 33602
Phone: 813-387-0300
Sara.dunn@quarles.com
Lynda.dekeyser@quarles.com
DocketFL@quarles.com
*Counsel for Claimant, CBRE, Inc.*